1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| KAREN CERVANTES, | |
|---|---|
| Plaintiff, | **CASE NO: 11-CV-782-IEG (JMA)** |
| vs. | **ORDER:** |
| DHS: CPS OF MICHIGAN et al. | (1) **GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*; |
| Defendants. | (2) **DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;** |
| | (3) **DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915** |
| | [Doc. Nos. 1 & 2] |

Presently before the Court are Plaintiff Karen Cervantes's complaint, in which she requests a temporary restraining order and preliminary injunction [Doc. No. 1], and Plaintiff's motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

///

///

**BACKGROUND**

The exact nature of Plaintiff's allegations is unclear. It appears that Plaintiff is the mother of two children who were removed from her custody. Plaintiff suggests the children were removed because she was involved in an automobile accident while she, another individual, or both were intoxicated, and because Plaintiff left the children in the temporary custody of a minor. [See Compl., at 2, 15, 25.] It also appears that the removal and the underlying incidents occurred in Michigan, and that the children and all Defendants remain there.[1] [See id. at 2, 3, 14.] Plaintiff seeks temporary and permanent injunctions to return children to her custody, alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights, as well as Michigan's Elliot Larsen Civil Rights Act, Mich. Comp. Laws § 37.2201 *et seq*.

**DISCUSSION**

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court finds that Plaintiff's affidavit of assets is sufficient to show that she is unable to pay the fees or post securities required to maintain this action. See CivLR 3.2(d). Plaintiff is currently unemployed and lists no significant assets. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.    Request for TRO and Preliminary Injunction**

To obtain a TRO or preliminary injunction, Plaintiff must demonstrate (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., — U.S. —, 129 S.Ct. 365, 374 (2008). Injunctive

---

[1] The complaint does not state where in Michigan any of the events occurred or in what city the children currently reside. The caption of the complaint makes one reference to Kent County.

1  relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
2  entitled to such relief." Id. at 375-76.
3       Plaintiff has failed to demonstrate that her claims are likely to succeed on the merits.  Plaintiff
4  alleges her children were removed from her custody, but she does not allege that the removal
5  procedures in Michigan are inadequate or that someone effected the removal of her children without
6  following the procedures mandated under Michigan law.  Rather, Plaintiff intimates that a judge in the
7  State of Michigan approved the removal and merely takes issue with the judge's decision.  [See
8  Compl., at 14-15 ("State judge granted bogus [removal] petition based solely on [an automobile]
9  accident [allegedly involving Plaintiff and intoxicating substances]."); id. at 15 (noting another
10 allegation that Plaintiff left her children in the custody of a minor).]  Plaintiff's allegations are
11 insufficient to support her claims.
12      Additionally, Plaintiff's complaint has not been served.  Until the complaint is served and
13 Defendants have appeared in this action, the Court has no jurisdiction over any Defendant and may not
14 issue orders mandating that they take certain action.  See Zepeda v. U.S. Immigration Serv., 753 F.2d
15 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over
16 the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of
17 persons not before the court.*")  (emphasis added).
18      Because Plaintiff has failed to show the requisite likelihood of success on the merits, the Court
19 does not consider the remaining three factors.  Plaintiff's request for a TRO and preliminary injunction
20 is **DENIED**.
21 **III.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B)(ii)**
22      Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person
23 proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and
24 dismissal by the court if it fails to adequately state a claim.  28 U.S.C. § 1915(e)(2)(B); Lopez v.
25 Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but
26 requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); see also
27 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the "the language of
28 § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  As currently

pleaded, Plaintiff's complaint fails to state a claim and is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid a dismissal, a complaint need not contain detailed factual allegations, but it must plead enough facts to state a facially plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept mere "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the Court is bound to pay to a plaintiff's allegations, it is not proper for the Court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Plaintiff's current complaint does not plead facts suggesting Defendants are liable for any misconduct; it merely states that Plaintiff's children were removed. The complaint does not adequately describe the circumstances surrounding the children's removal or any misconduct by Defendants. To state a claim, Plaintiff must describe the circumstances that give rise to her claims.

Additionally, Plaintiff brought her case in an improper venue. Plaintiff must bring this action "in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); see also U.S. Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193, 195-96 (9th Cir. 1982) ("Section 1391(b) provides in essence, venue is proper in the district where all defendants reside or in which the claim arose."). It appears that the

1  incidents underlying Plaintiff's claims occurred in Michigan, and that Plaintiff's children and all
2  Defendants are in Michigan. Plaintiff's claims did not arise and no Defendant is alleged to reside in or
3  have any contacts with the Southern District of California. Therefore, venue is not proper in this
4  district. See 28 U.S.C. § 1391(b); U.S. Aluminum Corp., 694 F.2d at 195-96.

Because Plaintiff has failed to state a claim or to allege facts establishing venue in this Court, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**. See 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** [Doc. No. 2] Plaintiff's request for a temporary restraining order and preliminary injunction is **DENIED**, and the complaint is **DISMISSED WITHOUT PREJUDICE** for failure state a claim upon which relief can be granted. [Doc. No. 1.]

If Plaintiff chooses to amend her complaint, she should do so in the appropriate district in Michigan.[2]

**IT IS SO ORDERED.**

**DATED:** 4/20/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] Plaintiff's complaint makes reference to Kent County, Michigan. Assuming venue would be proper in the district that includes Kent County, Plaintiff should file her amended complaint in the Western District of Michigan. See 28 U.S.C. § 102(b).